# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

SCOTT O. JOHNSON,           :
                            :
       Plaintiff,       :
                            :
v.                          : Civ. No. 10-753-LPS
                            :
WARDEN G. R. JOHNSON, et al., :
                            :
       Defendants.      :

---

Scott O. Johnson, Sussex Correctional Institution, Georgetown, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

March 31, 2011
Wilmington, Delaware

**Stark, District Judge:**

## I. INTRODUCTION

Plaintiff Scott O. Johnson ("Johnson"), an inmate at the Sussex Correctional Institutional in Georgetown, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND

Johnson's medical records were sent to another inmate in a sealed envelope via in-house mail. Defendant Correctional Medical Services, Inc. ("CMS") acknowledged that it did not know how the confidential information was sent to the other inmate. Defendant Tasha Doe ("Tasha"), a nurse, acknowledged that she was responsible for forwarding the information. Johnson also names as a defendant Warden G. R. Johnson ("Warden Johnson"), as the legal custodian and person responsible for wrongful disclosure of the information by CMS. Johnson seeks compensatory damages.

## III. STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Johnson proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see also, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Johnson leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F .3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Johnson has a "plausible claim for relief." *Id.* at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

"A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat

3

superior and that, in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *See Brito v. United States Dep't of Justice*, No. 10-2128, 2010 WL 3259383 (3d Cir. Aug. 18, 2010) (citing *Iqbal*, 129 S.Ct. at 1948-49) (not published); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

"Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S.Ct. at 1948 (2009). In *Iqbal*, the Supreme Court emphasized that "[i]n a § 1983 suit – here masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 129 S.Ct. at 1949. "Thus, when a plaintiff sues an official under § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (11th Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1949). The factors necessary to establish a § 1983 violation will vary with the constitutional provision at issue. *See id.*

Under pre-*Iqbal* Third Circuit precedent, "[t]here are two theories of supervisory liability," one under which supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and another under which they can be liable if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." *Santiago v. Warminster Twp.*, ___F.3d___, No. 10-1294, 2010 WL 5071779 at *4 n.5

4

(3d Cir. Dec. 14, 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (second alteration in original)). "Particularly after *Iqbal*, the connection between the supervisor's directions and the constitutional deprivation must be sufficient to demonstrate a plausible nexus or affirmative link between the directions and the specific deprivation of constitutional rights at issue." *Id.* at *5.

The Third Circuit has recognized the potential effect that *Iqbal* might have in altering the standard for supervisory liability in a § 1983 suit but, to date, has declined to decide whether *Iqbal* requires narrowing of the scope of the test. *See Santiago*, 2010 WL 6082779 at * 5 n.8; *Bayer v. Monroe County Children and Youth Servs.*, 577 F.3d 186, 190 n.5 (3d Cir. 2009) (stating in light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides sufficient basis to impose liability upon supervisory official). Hence, it appears that, under a supervisory theory of liability, and even in light of *Iqbal*, personal involvement by a defendant remains the touchstone for establishing liability for the violation of a plaintiff's constitutional right.[2] *Williams v. Lackawanna County Prison*, Civ. No. 07-1137, 2010 WL 1491132, at *5 (M.D. Pa. Apr. 13, 2010).

Facts showing personal involvement of the defendant must be asserted; such assertions may be made through allegations of specific facts showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights or created such policies where the subordinates

---

[2] "'Supervision' entails, among other things, training, defining expected performance by promulgating rules or otherwise, monitoring adherence to performance standards, and responding to unacceptable performance whether through individualized discipline or further rulemaking." *Sample v. Diecks*, 885 F.2d 1099, 1116 (3d Cir. 1989). "For the purpose of defining the standard for liability of a supervisor under § 1983, the characterization of a particular aspect of supervision is unimportant." *Id.* at 1116-17.

had no discretion in applying the policies in a fashion other than the one which actually produced the alleged deprivation; *e.g.,* supervisory liability may attach if the plaintiff asserts facts showing that the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff. *See Sample,* 885 F.2d at 1117-18; *see also Iqbal,* 129 S.Ct. at 1949-54; *City of Canton v. Harris,* 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women,* 128 F. App'x 240 (3d Cir. Apr. 11, 2005) (not published).

Johnson alleges that Warden Johnson violated his rights by reason of his supervisory position. The allegations are so vague and conclusory that they do not satisfy the *Iqbal* requirement. Johnson provides no specific facts how Warden Johnson violated his constitutional rights, that Warden Johnson expressly directed the deprivation of his constitutional rights, or that he created policies wherein subordinates had no discretion in applying them in a fashion other than the one which actually produced the alleged deprivation. Johnson has not alleged facts to support personal involvement by Warden Johnson. Accordingly, the Court will dismiss as frivolous all claims against Warden Johnson pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

## V. <u>CONCLUSION</u>

For the above reasons, the Court will dismiss all claims against Warden Johnson as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Johnson will be allowed to proceed with the claims against CMS and Tasha.[3] An appropriate Order follows.

---

[3] *See Doe v. Delie,* 257 F.3d 309, 316 (3d Cir. 2001) (stating prisoner has constitutional right to privacy in his medical information).